UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MICHAEL STOLLINGS, | ) |
| Plaintiff, | ) |
| v. | ) |
| OFFICER F. CURRENT, OFFICER \_\_\_\_\_ KINGERY, OFFICER M. CRAIG, and THE CITY OF EVANSVILLE, | ) |
| Defendants. | )  3:05-cv-109-WGH-RLY |
| OFFICER FRANK CURRENT, | ) |
| Counterclaimant, | ) |
| v. | ) |
| MICHAEL STOLLINGS, | ) |
| Counter-Defendant. | ) |

**ENTRY CONCERNING INADMISSIBILITY
OF PLAINTIFF'S EXHIBITS**

This matter is before the court on Defendants' and Counterclaimant's Brief Regarding Inadmissibility of Plaintiff's Exhibits filed November 14, 2006. (Docket No. 47).

In Paragraph 10 of their Brief, defendants seek to exclude plaintiff's Exhibit 20, "Medical records of Quinco Behavioral Health Systems . . . ." Defendants argue that they were not presented with these medical records, which contain medical

opinions, until November 7, 2006, and never had the opportunity to depose any of the individuals who gave the opinions located with these medical records.

Pursuant to Rule 803(6) of the Federal Rules of Evidence, medical records are admissible evidence so long as they meet the requirements of the rule. One such requirement is that the records must be authenticated by a "custodian or other qualified witness." FED.R.EVID. 803(6). Nevertheless, when one party fails to comply with a scheduling order, without justifiable excuse, "the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction." *Matter of Maurice,* 21 F.3d 767, 773 (7th Cir. 1994). In this instance, plaintiff's disclosure of the Quinco records on November 7, 2006, fell well beyond the July 8, 2006 deadline for disclosure of expert witnesses. And, plaintiff has failed to present justifiable cause for failing to make a timely disclosure.

In light of plaintiff's failure to timely disclose the Quinco records, the court makes the following determinations: (1) plaintiff may introduce the Quinco records provided that they were kept in the regular course of business and are properly authenticated at trial; (2) the records must be redacted to exclude any medical diagnoses or opinions, but may be used to demonstrate that plaintiff has continued to seek mental health treatment.

**SO ORDERED.**

**Entered:** December 4, 2006

                                                       WILLIAM G. HUSSMANN, JR.
                                                         Magistrate Judge

**Electronic copies to:**

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

David L. Jones
BOWERS HARRISON LLP
dlj@bowersharrison.com

Robert W. Rock
BOWERS HARRISON LLP
rwr@bowersharrison.com