UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MICHAEL STOLLINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OFFICER F. CURRENT, OFFICER \_\_\_\_\_ | ) |
| KINGERY, OFFICER M. CRAIG, and | ) |
| THE CITY OF EVANSVILLE, | ) |
| | ) |
| Defendants. | ) |
| _____) | 3:05-cv-109-WGH-RLY |
| | ) |
| OFFICER FRANK CURRENT, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL STOLLINGS, | ) |
| | ) |
| Counter-Defendant. | ) |

**ENTRY ON DEFENDANTS' MOTION IN LIMINE**

This matter is before the court on Defendants' and Counterclaimant's Motion In Limine and Citation of Authority filed November 14, 2006, and Brief in Support filed November 28, 2006. (Docket Nos. 45, 59). Plaintiff has filed no response.

In their motion, defendants seek to exclude the following: (a) defendants' disciplinary records; (b) claims that plaintiff's arrest was unsupported by probable cause; (c) statements or evidence concerning defendants' insurance; (d) statements

or evidence concerning attorney's fees or punitive damages; and (e) character evidence of plaintiff's ex-wife other than that permitted by FED.R.EVID. 608 and 609.

**(a)     Defendants' Disciplinary Records**

Rule 404(b) of the Federal Rules of Evidence clearly states that evidence of other crimes, wrongs or acts "is not admissible to prove the character of a person in order to show action in conformity therewith." FED.R.EVID. 404(b).  The evidence that defendant Current was disciplined for "inappropriately touching two Control Dispatch employees on March 12, 2002" (Plaintiff's Exh. 6) and was disciplined for unknown reasons (Plaintiff's Exh. 7) are not probative of any issue in this lawsuit and would not go to the issue of truth or veracity.  Likewise, the disciplinary action of defendant Craig for disobeying an order not to contact his girlfriend would not be probative of any issue at trial, nor would it go to Officer Craig's truth or veracity. Therefore, plaintiff's Exhibits 6, 7 and 8 shall not be admitted into evidence, and plaintiff shall not refer to them without further order of the court.  Unless plaintiff comes forward at trial with some other independent reason why defendants' disciplinary records are relevant, they are not admissible.  Defendants' Motion in Limine is **GRANTED.**

**(b)     Any Argument That Plaintiff's Arrest Was Unsupported by Probable Cause**

Plaintiff brought this suit arguing that defendants used excessive force in his February 2004 arrest.  However, plaintiff has made no claim for wrongful arrest.

Hence, any arguments made by plaintiff concerning a lack of probable cause for his arrest would be out of bounds, and defendants' Motion in Limine is **GRANTED.**

**(c)     Evidence of Insurance**

Evidence of the insured status of a defendant is inadmissible under Rule 411 of the Federal Rules of Evidence. Defendants' Motion in Limine on this matter is, therefore, **GRANTED.**

**(d)     Evidence of Attorney's Fees and Punitive Damages**

The court also concludes that plaintiff cannot address any arguments to the jury concerning attorney's fees. Any award of attorney's fees would be at the discretion of the court. Additionally, plaintiff pled guilty to the charge of Resisting Law Enforcement. As a result of this guilty plea, any attorney's fees he incurred in his criminal defense could not be an element of damages. Accordingly, defendant's Motion in Limine seeking exclusion of any mention of attorney's fees is **GRANTED.**

With regard to punitive damages, the Seventh Circuit has ruled that "[a] jury may award punitive damages in § 1983 actions if it finds conduct motivated by evil intent or callous indifference to the federally-protected rights of plaintiffs." *Stachniak v. Hayes,* 989 F.2d 914, 928 (7th Cir. 1993)(internal quotations omitted). As Judge Hamilton has noted, punitive damages are, however, only available against officers sued in their individual capacity. *Gray ex rel. Gray v. City of Columbus,* 2000 WL 683394 (S.D. Ind., 2000). However, when a plaintiff raises the issue of punitive damages in his complaint, that is a strong indicator that plaintiff is pursuing a cause of action against the officers in their individual capacity.

Hence, defendants' Motion in Limine seeking exclusion of any argument to the jury about punitive damages is **DENIED.**

**(e)   Character Evidence With Regard to Plaintiff's Ex-wife**

As a witness in this matter, any character evidence concerning plaintiff's ex-wife, Sandra Germain, is governed by Rules 608 and 609 of the Federal Rules of Evidence. Any evidence about the character of Ms. Germain would, therefore, only be admissible if it comports with the requirements of these rules, and defendants' Motion in Limine is **GRANTED.**

## Conclusion

For the reasons stated above, defendants' Motion in Limine is **GRANTED, in part,** and **DENIED, in part.**

**SO ORDERED.**

**Entered:**  December 5, 2006

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

David L. Jones
BOWERS HARRISON LLP
dlj@bowersharrison.com

Robert W. Rock
BOWERS HARRISON LLP
rwr@bowersharrison.com