UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MICHAEL STOLLINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OFFICER F. CURRENT, OFFICER \_\_\_\_\_ | ) |
| KINGERY, OFFICER M. CRAIG, and | ) |
| THE CITY OF EVANSVILLE, | ) |
| | ) |
| Defendants. | ) |
| _____) | 3:05-cv-109-WGH-RLY |
| | ) |
| OFFICER FRANK CURRENT, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL STOLLINGS, | ) |
| | ) |
| Counter-Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION IN LIMINE**

This matter is before the court on Plaintiff's Motion In Limine and Memorandum in Support filed November 14, 2006.  (Docket Nos. 48 and 49).  Defendants have filed no response.

In his motion, plaintiff seeks to exclude the following:  (a) plaintiff's criminal record and convictions; (b) defendants' good character traits; (c) plaintiff's prior arrests, bad character or other bad acts; (d) plaintiff's alcohol abuse/addiction; (e) evidence of attorney's fees; (f) settlement negotiations; (g) reports or narratives of

the incident compiled by law enforcement officers; (h) any of plaintiff's medical records unrelated to the February 2004 incident; and (i) any confidential communications between plaintiff and his ex-wife.

**(a)    Plaintiff's Motions in Limine Concerning Character Evidence**

Plaintiff raises numerous issues all concerning the issue of character. Specifically, plaintiff seeks the exclusion of any evidence of plaintiff's prior arrests,[1] prior convictions, prior bad acts, and plaintiff's alcohol abuse or addiction. However, the court notes that all attempts by defendants to introduce character evidence will be governed by Rules 404, 405, 406, 607, 608 and 609 of the Federal Rules of Evidence.  Any evidence of plaintiff's prior crimes or other bad acts would be limited to instances where defendants were able to:  (a) demonstrate habit pursuant to Rule 406; (b) impeach the plaintiff pursuant to Rule 609; or (c) demonstrate that character was relevant pursuant to the limited circumstances outlined in Rule 404(b).  The court will have to deal with defendants' attempts to introduce character evidence on a case-by-case basis.  Plaintiff's Motion in Limine on these matters are **CONDITIONALLY GRANTED** subject to the exceptions permitted under the Federal Rules of Evidence.

**(b)    Evidence of Defendants' Good Character**

As the Seventh Circuit and the Federal Rules of Evidence clearly indicate, witness bolstering is prohibited in order to enhance an individual's credibility

---

[1] Plaintiff's Motion in Limine also addresses subsequent arrests and convictions. Certainly any subsequent criminal arrests or convictions would have little to no probative value and would be highly prejudicial.  Hence, any such evidence would be excluded.

before it has been attacked.  See FED.R.EVID. 608(a)(2); *U.S. v. Bonner,* 302 F.3d 776, 780 (7th Cir. 2002).  Plaintiff's Motion in Limine is **GRANTED.**

**(c)     Evidence of Attorney's Fees**

As the court explained in its Entry on Defendants' Motion in Limine, any mention of attorney's fees is irrelevant, and plaintiff's Motion in Limine is **GRANTED.**

**(d)     Settlement Negotiations**

Pursuant to Rule 408 of the Federal Rules of Evidence, the substance of settlement negotiations are inadmissible, and plaintiff's Motion in Limine is **GRANTED.**

**(e)     Officers' Reports or Notes From Plaintiff's Arrest**

Because this is a civil case, a police officer's report on the incident that lead to plaintiff's arrest would be admissible pursuant to Rule 803(8) of the Federal Rules of Evidence.  However, any statements made by witnesses within the reports could be inadmissible hearsay, and the court will have to examine them on a case-by-case basis.  Plaintiff's Motion in Limine is, therefore, **DENIED.**  The court will make a determination of the admissibility of statements within any police reports at the time they are offered by defendants.

**(f)     Plaintiff's Medical Records**

Plaintiff seeks to exclude any medical records not related to plaintiff's claim of excessive force.  However, part of plaintiff's claim is that he suffered mental and emotional damages as a result of the incident.  Until the court hears plaintiff's

evidence concerning how he was damaged as a result of this incident, the court is unable to determine if prior mental health treatment would be relevant.  Plaintiff's Motion in Limine is **GRANTED.**  Plaintiff's prior medical treatment may become an issue after hearing the evidence he presents in his case in chief.

**(g)** **Confidential Spousal Communications**

There are numerous exceptions to the spousal privilege rule, and the court, therefore, reserves judgment on this portion of plaintiff's Motion in Limine.

## Conclusion

For the reasons stated above, plaintiff's Motion in Limine is **GRANTED, in part,** and **DENIED, in part.**

SO ORDERED.

Entered:  December 5, 2006

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

David L. Jones
BOWERS HARRISON LLP
dlj@bowersharrison.com

Robert W. Rock
BOWERS HARRISON LLP
rwr@bowersharrison.com