UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MICHAEL STOLLINGS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER F. CURRENT, OFFICER \_\_\_\_\_ )<br>KINGERY, OFFICER M. CRAIG, and )<br>THE CITY OF EVANSVILLE, )<br>)<br>Defendants. )<br>_____)<br>)<br>OFFICER FRANK CURRENT, )<br>)<br>Counterclaimant, )<br>)<br>v. )<br>)<br>MICHAEL STOLLINGS, )<br>)<br>Counter-Defendant. ) | 3:05-cv-109-WGH-RLY |

**ENTRY ON (1) TAXING COSTS ON DEFENDANTS' BILL OF COSTS (Docket No. 86); (2) DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES (Docket No. 88); AND (3) DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Docket No. 92)**

This matter is before the court on defendants' Bill of Costs filed December 27, 2006 (Docket No. 86) and Defendants' Motion for Attorneys' Fees filed December 28, 2006. (Docket Nos. 88-90). Plaintiff filed his Response to Motion for Fees on January 2, 2007 and also filed his own Motion for Reasonable Fees and Costs. (Docket No. 92-93). Defendants filed a Reply to Plaintiff's Memorandum in Opposition to Attorneys' Fees on January 5, 2007 (Docket No. 95), and plaintiff filed

a Surreply to Defendants' Reply and Request for Attorneys' Fees on January 15, 2007 (Docket No. 96).  Defendants filed a Supplement to Bill of Costs on January 19, 2007.  (Docket No. 98).  Plaintiff filed no further response.

## A.     Defendants' Bill of Costs

The court may tax as costs the following items:

(1)  Fees of the clerk and marshal;
(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Defendants moved for witness fees for Gregory Fergus, R.N. ($50.50), Loren Martin ($40.00), Angie Selby ($45.34), Sandra Germain ($135.14), John Dohanich, D.O. ($41.42), and Reza Mohammadi, M.D. ($1,541.09). Defendants also moved for costs of the depositions for Michael Stollings ($309.65), Sandra Germain ($183.55), and Dr. Dohanich and Dr. Mohammadi ($389.70). Next, defendants seek costs for certified records and copies from the Clerk of Warrick County ($5.00), the Clerk of Vanderburgh County ($21.50), the Clerk of Scott County ($9.00), and the Clerk of Jackson County ($2.00).  Defendants moved for fees for exemplification and copies of papers necessarily obtained for use in the case in the amount of $1,898.00.  Finally, defendants moved for costs for long distance telephone calls ($41.25), postage costs ($133.46), costs for medical records

and billing statements ($179.38), costs for color photographs ($46.85), and mileage ($41.25). (*See* Bill of Costs at 1-2).

The court concludes that defendants are entitled to witness fees pursuant to 28 U.S.C. § 1920(3) and approves defendants' Bill of Costs for items 1-6, all of which are witness fees except that the court notes that Sandra Germain was not a witness that appeared or testified for defendants and declines to award the $135.14 defendants seek for Ms. Germain.

The court also concludes that defendants are entitled to reimbursement for deposition costs and approves of defendants' Bill of Costs for items 7-9. *Barber v. Ruth,* 7 F.3d 636, 645 (7th Cir. 1993). The court approves items 10-13 which are defendants' request for costs associated with certified court records and copies.

Defendants also, at item 14, submitted a request for "fees for exemplification and copies of papers necessarily obtained for use in the case." After being ordered to supplement their Bill of Costs, defendants confirmed that these expenses were separate from items 7-13 and 17-18. Specifically, defendants noted that the fees in this item were for copies of exhibits for the trial notebooks and other necessary exhibits or were for copies of other items made in the normal course of litigation. Because item 14 seeks costs for expenses pursuant to 28 U.S.C. § 1920(4), it is approved.

However, the court can find no authority to support an award of costs for long distance telephone calls, mileage and postage costs (items 15, 16, and 19) and denies defendants' Bill of Costs for these items. Finally, the court approves items

17 and 18 as 28 U.S.C. § 1920(3) broadly permits the taxing of costs for printing fees.

In conclusion, plaintiff is taxed costs in accordance with defendants' Bill of Costs except that defendants are not entitled to the $135.14 witness fee for Sandra Germain (item 4) and are not entitled to items 15, 16, or 19 which total $215.96. Plaintiff is taxed $4,762.98 in costs.

**B.    Defendants' Motion for Attorneys' Fees**

In addition to seeking costs, defendants have also moved for attorneys' fees.

**1.    Defendants' Recovery of Attorneys' Fees Under Federal Law**

The court's first task is to determine if defendants are entitled to attorneys' fees for prevailing on plaintiff's federal causes of action.  42 U.S.C. § 1988(b) provides that, in a 1983 action such as this, the court has the discretion to award a reasonable attorneys' fee to the prevailing party.  However, defendants are only entitled to attorneys' fees in the event that plaintiff's action was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so."  *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).  In this instance, defendants have failed to show that plaintiff's claims were "frivolous, unreasonable, or groundless."  Plaintiff essentially brought two § 1983 claims against defendants; he brought a claim of excessive force against three police officers and a claim against the City of Evansville that a custom, policy or practice lead to his injuries.  With regard to plaintiff's claim of excessive force, there was some evidence that plaintiff sustained injuries to his face requiring an immediate trip to the hospital and at least four stitches; that the officers struck him with blows

to the legs after he had been subdued; that at least one officer struck him while he was seated in a police cruiser; and that the officers attempted to choke plaintiff while he was lying on a hospital gurney.  Based on this evidence, the court concludes that plaintiff's excessive force claim was not "frivolous, malicious or groundless" and defendants are not entitled to attorneys' fees on this claim.  For plaintiff's "custom, policy or practice" claim against the City of Evansville, the court concludes that there was evidence that plaintiff was struck with blows to the legs after he was handcuffed in accordance with city policy allowing police officers to administer leg strikes under certain circumstances.  It was not frivolous. malicious or unreasonable for plaintiff to bring a claim against the City of Evansville believing that any custom, policy or practice of the Evansville Police Department that permitted him to be struck after being subdued would be unconstitutional.  Therefore, defendants are not entitled to recover attorneys' fees under federal law.

    **2.**    **Defendants' Recovery of Attorneys' Fees Under Indiana Law**

The court must also determine if defendants are entitled to attorneys' fees for prevailing on plaintiff's state law claims.  The Indiana Tort Claims Act ("ITCA") allows for the recovery of attorneys' fees under circumstances similar to 42 U.S.C. § 1988(b).  Specifically, the ITCA provides that the court may award attorneys' fees to a government entity who is a prevailing party on an action brought in tort against the government entity if the court finds that plaintiff brought a claim that was frivolous, unreasonable or groundless, continued to litigate after a claim became frivolous, unreasonable or groundless, or litigated in bad faith.  IND. CODE § 34-13-3-21.

Defendants allege that plaintiff's Indiana tort claims were frivolous because they were barred by the ITCA. However, the court notes that it is still unclear what causes of action may and may not be brought under the ITCA. District Judge David F. Hamilton has provided an excellent assessment of the relationship between the ITCA and torts against government entities arising out of the use of excessive force. In *Fidler v. City of Indianapolis,* Judge Hamilton explained as follows:

> Fidler may still pursue his state tort claims against the City of Indianapolis stemming from the defendants' alleged use of excessive force in apprehending and arresting him. See Docket No. 1, ¶ 24. Under Indiana law, a police officer may use only the force that is reasonable and necessary for effecting an arrest. IND. CODE § 35-41-3-3(b). If a police officer uses unnecessary or excessive force, the officer may commit the torts of assault and battery. *Crawford v. City of Muncie,* 655 N.E.2d 614, 622 (Ind. App. 1995); *City of South Bend v. Fleming,* 397 N.E.2d 1075, 1077 (Ind. App. 1979). Indiana's excessive force standard effectively parallels the federal standard outlined above. *See O'Bannon v. City of Anderson,* 733 N.E.2d 1, 3 (Ind. App. 2000). The same genuine issues of material fact that prevent this court from granting summary judgment on plaintiff's § 1983 claims therefore also preclude summary judgment on plaintiff's state law claims against the City of Indianapolis based on the actions of Officers Hofmeister and Santa.
> 
> The City of Indianapolis contends that it has immunity from Fidler's tort claims. Under the immunity provisions of the ITCA, a government or government employee acting within the scope of his or her employment is not liable for injuries that result from: "The adoption and enforcement of or failure to adopt or enforce a law ... unless the act of enforcement constitutes false arrest or false imprisonment." IND. CODE § 34-13-3-3(8). This law enforcement immunity applies to both negligent and intentional torts. *City of Anderson v. Weatherford,* 714 N.E.2d 181, 186 (Ind. App. 1999).
> 
> The issue under Indiana law is whether the ITCA law enforcement immunity provision applies to claims for injuries resulting from the use of excessive force during a detention or arrest. The current state of Indiana law is subject to some debate. In *Quakenbush v. Lackey,* 622 N.E.2d 1284, 1291 (Ind. 1993), the Indiana Supreme Court interpreted the provision to subject government employees to liability for losses stemming from the breach of a "private duty" but to immunize them from liability where the losses resulted from the breach of a "public duty." On the same day that *Quakenbush* was decided, the

> Indiana Supreme Court answered a certified question from Judge Tinder in *Kemezy v. Peters,* 622 N.E.2d 1296, 1297 (Ind. 1993).  The *Kemezy* opinion applied the *Quakenbush* private duty/public duty framework to hold that the ITCA did not immunize a police officer's use of excessive force because "law enforcement officers owe a private duty to refrain from using excessive force in the course of making arrests." *Id.*
>
> Six years later, however, the Indiana Supreme Court criticized the public/private duty test in *Quakenbush.  See Benton v. City of Oakland City,* 721 N.E.2d 224, 230 (Ind. 1999).  While the opinion from *Benton* did not expressly overrule *Quakenbush,* the Supreme Court later explained that *"Benton* overruled the public/private duty test at common law." *King v. Northeast Security, Inc.,* 790 N.E.2d 474, 482 (Ind. 2003).  As Judge Barker has noted, the Indiana Court of Appeals has concluded in at least one case that "the excessive force exception to ITCA immunity announced in *Kemezy* cannot be regarded as good law to the extent that it is based on the *Quakenbush* test." *Rising-Moore v. Wilson,* 2005 WL 1607187, *12 (S.D. Ind. July 7, 2005), quoting *City of Anderson v. Davis,* 743 N.E.2d 359, 366 (Ind. App. 2001).  Judge Barker also pointed out that another Indiana Court of Appeals panel had found that the result in *Kemezy* has not been changed.  *Rising-Moore,* 2005 WL 1607187, *12, citing *O'Bannon v. City of Anderson,* 733 N.E.2d 1, 3 (Ind. App. 2000).
>
> In considering questions of state law, this court must determine the issues as it believes the Indiana Supreme Court would.  *See, e.g., Trytko v. Hubbell, Inc.,* 28 F.3d 715, 719 (7th Cir. 1994).  The state supreme court's decision in *Kemezy* is squarely on point here, and the state court itself has not overruled it.  Although some doubt has been cast on the holding in *Kemezy,* this court cannot currently predict that the state court will overrule the result in *Kemezy,* even if it might use a different analysis in the future.  One should not conclude too readily that the Indiana legislature intended to leave Indiana citizens without a remedy under state law if police officers inflict unreasonable and excessive force upon them.  Under *Kemezy,* the City of Indianapolis is not immune from plaintiff's state tort claims.  *Accord, Rising-Moore,* 2005 WL 1607187, *13.

*Fidler v. City of Indianapolis,* 428 F.Supp.2d 857, 866-67 (S.D. Ind. 2006).

Because of the unsettled nature of Indiana law in this area, the court concludes that defendants are not entitled to attorneys' fees for prevailing on

plaintiff's Indiana tort claims. As was discussed above, there was evidence that plaintiff was struck after being handcuffed and that he was choked while on a hospital gurney. Based on what he perceived were torturous actions, plaintiff brought suit claiming that "the City of Evansville is liable to Plaintiff for battery, recklessness, and the intentional infliction of emotional distress." (Complaint ¶ 4). Despite defendants' arguments that the ITCA precludes plaintiff's Indiana tort claims, *Fidler* makes it clear that the status of plaintiff's Indiana tort claims under the ITCA is uncertain and plaintiff was not acting frivolously, unreasonably or in bad faith by bringing these claims. Defendants are, therefore, also not entitled to attorneys' fees under Indiana law.

### 3.   Plaintiff's Motion for Attorneys' Fees

Finally, plaintiff requests an award of attorneys' fees against defendants alleging that defendants' Motion for Attorneys' Fees is itself frivolous. However, as discussed above, the law contemplates circumstances in which defendants may be awarded fees. The jury in this case found against plaintiff, found for defendant Current, and assessed punitive damages against plaintiff. The jury's verdict renders it reasonable for defendants to have raised the issue of fees. Plaintiff's request for attorneys' fees must be denied.

### Conclusion

Defendants' Bill of Costs is **APPROVED** except that items 15, 16, and 19 are **not recoverable** and item 4 is **denied.** Defendants are awarded Four Thousand Seven Hundred Sixty-two Dollars and Ninety-eight Cents ($4,762.98) as their costs

in this case. Defendants' Motion for Attorneys' Fees is **DENIED.** Plaintiff's Motion for Reasonable Fees and Costs is **DENIED.**

**SO ORDERED.**

**Dated:** 01/29/2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

David L. Jones
BOWERS HARRISON LLP
dlj@bowersharrison.com

Robert W. Rock
BOWERS HARRISON LLP
rwr@bowersharrison.com